UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT EVANS,

     Plaintiff,

v.                                              Case Number: 09-CV-11856
                                              Honorable Nancy G. Edmunds

MR. EATON and MS. HENRY,

     Defendants.
_____/

## OPINION AND ORDER DISMISSING 42 U.S.C. §1983 CIVIL RIGHTS COMPLAINT AND CONCLUDING THAT AN APPEAL CANNOT BE TAKEN IN GOOD FAITH

I.

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff Robert Evans is a state inmate currently incarcerated at the Gus Harrison Correctional Facility in Adrian, Michigan. The Court has granted Plaintiff leave to proceed *in forma pauperis*. The Court must read Plaintiff's *pro se* pleadings under "less stringent standards than formal pleadings drafted by lawyers," *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying those standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

II.

In his *pro se* pleadings, Plaintiff alleges that Grievance Coordinator Mr. Eaton (first name unknown), a named Defendant in the case, deliberately refused to process his grievances, "giving erroneous, frivolous, and false reasons for his justification of such." (Plaintiff's Statement of Facts, II.) Plaintiff also alleges that Mr. Eaton changed the code numbers on his

grievances in an attempt to keep him from filing his complaints, and that he (Mr. Eaton) has processed his grievances past the deadline and refused to give him the necessary forms in order to exhaust his administrative remedies. *Id.* As a result of Mr. Eaton's conduct, Plaintiff filed a grievance against him. Plaintiff also alleges that Hearing Investigator Ms. Henry (first name unknown), also a named Defendant in this case, denied the grievance filed against Mr. Eaton, without articulating reasons for the denial.

A.

Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), a court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993), *cert. denied*, 510 U.S. 1177 (1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

B.

Plaintiff's alleges that Defendant Eaton refused to process his grievance. The Sixth Circuit held that where the defendant's only involvement in the allegedly unconstitutional conduct is the denial of administrative grievances or the failure to act, the defendant cannot be liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). The reason is that there must be active unconstitutional behavior. Failing to intervene on a prisoner's behalf to remedy alleged unconstitutional behavior does not amount to active unconstitutional behavior by a person who merely [refuses to process] an administrative grievance. *Id.* Also, in unpublished decisions, the Sixth Circuit has held that a prisoner's allegation that a defendant improperly denied a grievance is not a claim of constitutional dimension because there is "no inherent constitutional right to an effective prison grievance procedure." *See Overholt v. Unibase Data Entry, Inc.*, No. 98-3302, 2000 WL 799760, at *3 (6th Cir. June 14, 2000) (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)); *Lyle v. Stahl*, No. 97-2007, 1998 WL 476189, at *1 (6th Cir. Aug. 3, 1998) (same) (citations omitted); *see also Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar.28, 1994) (same) (citations omitted). In light of the foregoing authority, Plaintiff's allegation that Defendant Eaton improperly failed to process his grievance fails to state a claim of constitutional dimension.

C.

Plaintiff next alleges that Defendant Henry denied his grievance, without articulating reasons for doing so. For the reasons stated, Plaintiff's claim against Defendant Henry likewise must be dismissed; the wrongful denial of a prison grievance does not violate any federal right, "as there is no inherent constitutional right to an effective prison grievance procedure." *See*

*Overholt*, No. 98-3302, 2000 WL 799760, at *3; *Lyle*, No. 97-2007, 1998 WL 476189, at *1; *see also Wynn*, No. 93-2411, 1994 WL 105907, at *1. Furthermore, state law does not create any liberty interest in a grievance procedure. *Keenan v.* Marker, 23 Fed.App'x 405, 407 (6th Cir. 2001) (citing *Hewitt v. Helms*, 459 U.S. 460, 467 (1983)). Additionally, prison hearings investigators or officers in Michigan are entitled to absolute judicial immunity from liability in a 42 U.S.C. § 1983 suit challenging their actions in conducting an administrative hearing. *Banks v. Klapish*, 717 F.Supp. 520, 521 (W.D. Mich. 1989) (citing *Shelly v. Johnson*, 849 F.2d 228, 230 (6th Cir. 1988)). Therefore, Plaintiff's suit against Defendant Henry must be dismissed.

III.

Having conducted the review required by the PLRA, the Court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir.1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the appellate filing fee in one lump sum.

This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).  A judgment consistent with this opinion will be entered.


           s/Nancy G. Edmunds
           Nancy G. Edmunds
           United States District Judge

Dated:  June 4, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 4, 2009, by electronic and/or ordinary mail.

           s/Carol A. Hemeyer
           Case Manager